356 So.2d 331 (1978)
Larry LIGHTFOOT, Appellant,
v.
STATE of Florida, Appellee.
No. 77-378.
District Court of Appeal of Florida, Fourth District.
February 21, 1978.
Rehearing Denied April 4, 1978.
*332 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, and Joseph R. Atterbury, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., and Charles A. Stampelos, Legal Intern, West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
The defendant, charged with the unlawful manufacture of cannabis, pled nolo contendere, reserving the right to appeal the trial court's denial of his motion to suppress marijuana plants that had been seized without a warrant. We affirm because the marijuana plants were in plain view of an officer who observed them from a location where he had a legal right to be.
The defendant's next door neighbor saw plants in the defendant's backyard. Suspecting that they were marijuana she reported her suspicions to the police. Officer McDaniel came to her home, where, from her yard, he could see three pots in the defendant's backyard containing plants, which, based upon his training and experience, he believed to be marijuana. The two yards were separated by a chain link fence. The marijuana plants were in open view, two near the rear of defendant's house and the other up against the fence. Officer McDaniel, accompanied by two other officers, walked over to the defendant's residence and knocked. No one answered. He then walked around to the backyard and seized the plants. Shortly after the plants *333 were seized the defendant showed up at the residence and was arrested. The officer had no warrant authorizing the seizure of the plants.
The defendant claims a violation of his Fourth Amendment rights, contending that absent exigent circumstances the police could not seize the plants without a warrant. In determining whether the marijuana plants were subject to Fourth Amendment protection we think the appropriate test is whether the defendant had a reasonable expectation of privacy, and, if so, whether that expectation was violated by an unreasonable governmental intrusion. Applying that test to the facts of this case we conclude that a person who keeps marijuana plants in open view in his backyard in plain view of a neighbor has no reasonable expectation of privacy and that seizure of the plants without a warrant by a police officer who has seen the plants from the neighbor's yard, where he has a legal right to be, is not an unreasonable governmental intrusion.
Our conclusion is consistent with the decisions of other appellate courts in Florida. In Boim v. State, 194 So.2d 313 (Fla. 3d DCA 1967), a police officer while standing in defendants' neighbor's yard observed marijuana plants in a flower bed alongside defendants' house. The officer went to defendants' home to arrest them and upon there being no response when he knocked on their door, he took one of the plants to the police laboratory for examination. Thereafter a warrant was obtained for the arrest of the defendants. When the defendants were subsequently taken into custody under the warrant additional contraband was seized incident to their arrests. The court held that the arrest warrant was valid and that there was no impropriety in receiving the plant into evidence.
Our Supreme Court in State v. Ashby, 245 So.2d 225 (Fla. 1971), recognized that a search and a seizure are separate and distinct legal actions. A search is an inspection or examination of places closed from public or general view, and requires some measure of force or intrusion. A seizure, on the other hand, is the act of taking custody of evidence or contraband. The court held that it is not a search to observe, and to seize, what is placed where it may be seen by an officer who is where he has a legal right to be. Nor is it an unreasonable search without warrant for an officer to move to a position where he has a legal right to be, and look for things he may have reason to believe will be seen. In Ashby the officers from the street observed a car in the defendants' yard which they had probable cause to believe was stolen. The officers then went into the yard to seize the evidence and to arrest the defendants. Before making the arrests, they looked about. Without intruding into or opening the garage, the officers looked in through a cracked door and observed a boat and motor that were also stolen. The court held that there was no unreasonable seizure of the stolen car which was visible in the yard, nor was there an unreasonable seizure of the stolen boat and motor which was observable through an existing portal to officers who exerted no force and who were legally on the premises.
State v. Belcher, 317 So.2d 842 (Fla. 2d DCA 1975), is another case involving seizure of contraband in plain view. Officers who were proceeding to the scene of a burglary drove past a residence and observed three men sitting on a couch on the porch. One of the officers suspected a drug transaction was taking place. The other officer, from the police cruiser as it passed the house, saw the defendants handling jewelry. They stopped their patrol car and then walked to the front porch. There, both officers observed a red jewelry box and jewelry scattered about on the couch. They were then advised by radio from the burglary scene that jewelry and a red jewelry box had been taken. The defendants were arrested and the jewelry seized. The court found that the defendants' "expectation of privacy," if any, was not "reasonable" and held that the officers did not violate defendants' Fourth Amendment rights by committing an "unreasonable governmental intrusion."
*334 In State v. Detlefson, 335 So.2d 371 (Fla. 1st DCA 1976), the court held that entry into the yard and onto the porch of defendant's residence to identify marijuana plants plainly visible in less detail from the street did not violate Fourth Amendment standards because the defendant did not have a reasonable expectation of privacy in the front porch of his home where, presumably, delivery men and others were free to observe the plants.
The next case, Huffer v. State, 344 So.2d 1332 (Fla. 2d DCA 1977), is an example of a seizure that did violate a defendant's reasonable expectation of privacy. Police officers, acting on a tip that the defendant was growing marijuana, drove to the defendant's residence. Arriving at about 11:30 p.m., they walked into the defendant's backyard, and approached a hothouse that was draped with sheets of plastic, where, through a tear in the plastic they observed marijuana plants that were subsequently seized. The court held that the defendant's hothouse was deserving of constitutional protection and directed the trial court to grant the defendant's motion to suppress.
And most recently, the Supreme Court in Hornblower v. State, 351 So.2d 716 (Fla. 1977), again recognized the "Plain View" doctrine as an exception to the warrant requirement. The court said "... materials that are seized because they are in plain view of an officer who observes from a location where he had a legal right to be are not subject to Fourth Amendment protection because their exposure implies that the possessor has no expectation of privacy regarding those articles."
In the present case the defendant kept marijuana plants in open view in his backyard. These plants were clearly visible to anyone who might have occasion to be in his neighbor's yard. Their exposure implies that the defendant had no expectation of privacy regarding these plants. Officer McDaniel had the legal right to be in the neighbor's yard and to look across the fence and see what there was for him to see. Having observed the marijuana plants, and having been informed by the neighbor that the defendant was the one that lived in the house and took care of the plants, the officer had probable cause to believe that the defendant was committing a felony. Consequently the officer had the right to arrest the defendant without a warrant. Section 901.15, Florida Statutes (1975). The fact that the defendant was not at home when the officers went to his house did not prevent the officers from seizing without a warrant the marijuana plants that were in the backyard. The plants were contraband and were initially observed in plain view by Officer McDaniel from a location where he had a legal right to be. There was no search and no unreasonable governmental intrusion on the defendant's privacy. The plants, under the circumstances of this case, are not subject to Fourth Amendment protection. The trial court properly denied the defendant's motion to suppress.
AFFIRMED.
ANSTEAD and DAUKSCH, JJ., concur.