390 So.2d 1243 (1980)
STATE of Florida, Appellant,
v.
Thomas Quinton BARNES, Appellee.
No. UU-363.
District Court of Appeal of Florida, First District.
December 11, 1980.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellant.
Michael J. Minerva, Public Defender; and Margaret Good, Asst. Public Defender, Tallahassee, for appellee.
WENTWORTH, Judge.
This is an interlocutory appeal by the state from an order granting defendant Thomas Quinton Barnes' motion to suppress illegally seized evidence.
*1244 The stipulated facts were as follows: Sheriff's Deputy James Tucker was informed there was marijuana growing behind Barnes' mobile home. From an adjoining neighbor's property, during daylight hours, Tucker, using binoculars, saw a plant among other weeds and bushes in Barnes' backyard, but could not identify the plant as marijuana. He therefore travelled to Lafayette County and borrowed a high-powered telescope from the Lafayette County Sheriff's Department. Using this telescope, Tucker identified the plant as marijuana. Tucker left the area and returned at night with several officials, but without a search warrant. When Barnes walked home from a neighbor's house to find out why the officers were there, he was arrested for possession of cannabis. The officers then went behind Barnes' home and searched the yard, seizing one plant believed to be cannabis and four or five stems one-half inch in diameter and eight to ten inches long.
No reason was given for not obtaining a search warrant other than advice from the state attorney's office that a warrant was not necessary. Between the officer's day-time attempts to view the marijuana from the neighbor's yard and his return at night with two additional officials, when the evidence was seized, a warrant could have been obtained. See Walter v. United States, ___ U.S. ___, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980). The state argues, however, that the plant was in plain view and could be seized without a warrant.
The law is clear that what a person knowingly exposes to the public is not the subject of fourth amendment protections. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). But the public to whom something is knowingly exposed must be "the ordinary run of people, not those who happen to possess powerful and sophisticated devices and the curiosity to use them to spy on their fellows." United States v. Taborda, 491 F. Supp. 50 (E.D.N.Y. 1980). Upon such analysis, the use of a high-powered telescope in the instant case distinguishes it from Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978), cert. denied, 361 So.2d 833 (Fla. 1978), in which the seizure from appellant's yard of marijuana plants, visible to an officer standing in a neighboring yard, was not an intrusion into an area in which appellant had a reasonable expectation of privacy.
The plain view exception to the warrant requirement cannot in our opinion be used to justify the seizure of evidence clearly identifiable only through a telescope, the warrantless use of which constitutes an intrusion into an area not reasonably expected to be exposed to the public. "If government agents have probable cause to suspect criminal activity and feel the need for telescopic surveillance, they may apply for a [search] warrant." United States v. Kim, 415 F. Supp. 1252 (D. Haw. 1976). Otherwise, we conclude such conduct is an intrusion into an area in which there is a reasonable expectation of privacy, accomplished by special equipment not in general use. Id.; cf. Walter v. United States, ___ U.S. ___, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980).
We affirm the order appealed.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.