394 So.2d 408 (1981)
STATE of Florida, Petitioner,
v.
John Henry MORSMAN, Respondent.
No. 54632.
Supreme Court of Florida.
January 8, 1981.
Rehearing Denied March 19, 1981.
Jim Smith, Atty. Gen., Tallahassee and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for petitioner.
Jack O. Johnson, Public Defender and James R. Wulchak and P. Douglas Brinkmeyer, Asst. Public Defenders, Bartow, for respondent.
ADKINS, Justice.
Defendant was charged with felonious possession of marijuana. After his motion to suppress evidence was denied, he pled nolo contendere, reserving his right to appeal denial of the motion. The court of appeal reversed, holding that the search and seizure were illegal. Morsman v. State, 360 So.2d 137 (Fla. 2d DCA 1978). This cause is here on grounds that the lower court decision allegedly conflicts with decisions of this Court and the Florida Fourth District Court of Appeal. Art. V, § 3(b)(3), Fla. Const. We affirm.
One of the defendant's neighbors told a second neighbor that there were marijuana plants growing in defendant's backyard, and the second neighbor called the sheriff's department. Deputy Sheriff Skeen investigated the neighborhood complaint. When no one answered Deputy Skeen's knock on defendant's front door, he walked around the house and saw the marijuana plants growing in the backyard just as the neighbors had reported. The officer then seized the plants. It appears from the record that the plants could not be seen from the street or the front yard, although the yard was not fenced in.
The state's argument is that an officer may seize contraband which is in plain view without obtaining a warrant. However, this doctrine applies only when the officer has a legal right to be at his viewpoint. The officer had no right to be in the respondent's backyard, so he could not legally seize the marijuana plants.
*409 Furthermore, the information providing the basis for the police investigation of defendant's house and yard was received from a neighbor who had heard it from another neighbor. Dependability of such second-hand hearsay is dubious. When hearsay makes up the basis of a complaint, the warrant clause requires that the evidence be presented to a detached magistrate to decide if the hearsay information gives probable cause to conduct a search. If it does, the magistrate may then issue a search warrant. House v. State, 323 So.2d 659 (Fla. 1st DCA 1975). Under this procedure, a person is protected from an unreasonable search in violation of his Fourth Amendment rights. It is impossible to tell from the record before us whether the information conveyed to the police by the second neighbor was in any way worthy of belief at the time it was conveyed. It is exactly this type of situation which mandates the protection of the Fourth Amendment.
When the officer went to respondent's front door to investigate the neighborhood complaint, he was not infringing upon respondent's privacy. Under Florida law it is clear that one does not harbor an expectation of privacy on a front porch where salesmen or visitors may appear at any time. State v. Detlefson, 335 So.2d 371 (Fla. 1st DCA 1976); State v. Belcher, 317 So.2d 842 (Fla. 2d DCA 1975). However, the backyard of a residence is more private because passersby cannot generally view this area. In Fixel v. Wainwright, 492 F.2d 480 (5th Cir.1974), this concept was extended to the backyard of a four-unit apartment building. Although not as exclusive as the backyard of a private residence, the backyard was not a common passageway normally used by tenants or businessmen who might approach the tenants. Accord, Olivera v. State, 315 So.2d 487, 490 (Fla. 2d DCA 1975).
In Huffer v. State, 344 So.2d 1332 (Fla. 2d DCA 1977), a backyard hothouse was searched for contraband. The Court held that the search was an illegal privacy invasion because, among other things, the hothouse was located behind the residence and was not plainly visible to the public.
The officers in State v. Ashby, 245 So.2d 225 (Fla. 1971) (cited by the state), entered a yard without a warrant and seized items legally. However, they first observed the stolen car and trailer from the street. While officers were legally on the property to seize the items as evidence of a felony, they found a stolen boat and motor which they lawfully confiscated. The defendant had been arrested prior to any seizure. In the present case, respondent had not been arrested, and no circumstance allowed the officer to do more than knock at respondent's front door. The officer's venture into the private backyard was an illegal attempt to verify neighborhood rumors. There is no conflict.
Our recent opinion in Norman v. State, 379 So.2d 643 (Fla. 1980), addresses privacy expectations in areas of property. Property rights should be considered in determining whether an individual's expectations of privacy are reasonable. One who controls property, whether owner or tenant, will in all likelihood have a legitimate expectation of privacy by virtue of his right to exclude. Respondent's privacy expectation in the backyard was valid where objects placed there were not visible from outside.
This case can be distinguished from Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978) (cited by the state), by the different points from which officers viewed marijuana growing. In Lightfoot, the policeman first saw the marijuana from a neighbor's yard. The view was unobstructed, evidencing no expectation of privacy from that point. Observation in the current case was from within defendant's backyard. Since there is no information in the record that the plants were visible from outside the yard, there was a strong expectation of privacy indicated, and the search and seizure were improper. When there is no legal right to observe an article of contraband, it is illegal to seize the article. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).
The district court commented that the officer's view of the plants only gave probable *410 cause to get a search warrant. However, we feel that the holding in Purcell v. State, 325 So.2d 83 (Fla. 1st DCA 1976) precludes that possibility. The Purcell court correctly held that a preceding illegal search cannot furnish probable cause to support a subsequent search warrant. As noted above, it is possible that the neighbor's report may have provided probable cause, but this cannot be ascertained from the record.
The defendant showed that the plants were located and seized without a warrant, at which point the burden shifted to the state to justify the search and seizure. Raffield v. State, 351 So.2d 945 (Fla. 1977); reversed on other grounds, 362 So.2d 138 (Fla. 1st DCA 1978). The plants were not open to view. There were no exigent circumstances to allow the officer to enter defendant's backyard and seize the marijuana plants to prevent destruction or removal of evidence. The policeman had time to talk to the neighbor who had actually observed the marijuana to get facts to give probable cause to search. Then he could have tried to obtain a search warrant. The shortcut taken by skipping the application for a warrant was unjustified and violated defendant's Fourth Amendment right to be free from an unreasonable search and seizure.
The cases cited as being in conflict with the decision of the district court of appeal, are distinguishable. The writ of certiorari is, therefore, discharged.
SUNDBERG, C.J., and BOYD and ENGLAND, JJ., concur.
ALDERMAN, J., dissents with an opinion with which OVERTON, J., concurs.
ALDERMAN, Justice, dissenting.
I disagree with the majority's conclusion that the officer had no right to be in Morsman's backyard where he made the plain view sighting of the marijuana plants growing in Morsman's backyard. The seizure of this property in plain view involved no invasion of Morsman's privacy and is presumptively reasonable. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (April 15, 1980). As conceded by the majority, the officer had the legal right to go to Morsman's front door and to inquire about the neighborhood complaint. When no one answered the front door, he walked around to the back of the house to see if anyone was there. It was at this time that he observed the marijuana plants.
I believe that an officer who, as in the present case, goes to a residence in response to a neighborhood complaint, knocks on the front door and gets no response may legally walk around to the back of the house, which in this case was not fenced, to see if anyone was there or to knock on the back door. The officer is not trespassing when he walks around to the backyard for these purposes, just as he was not trespassing when he went to the front door. He did not go to the back of the house to look for or to seize the marijuana plants. He merely saw them in plain view while he was legally in Morsman's yard.
In a decision rendered subsequent to the present decision, the Second District expressed qualms about its decision now before us for review and said: "[W]e have serious reservations about the proposition that a person has an expectation of privacy in contraband in plain view in a backyard protected only by a chain link fence." Rickard v. State, 361 So.2d 822, 823 (Fla. 2d DCA 1978).
To claim violation of his fourth amendment right to be free from an unreasonable search and seizure, it was incumbent upon Morsman to establish that he had a reasonable expectation of privacy. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 1371 (June 25, 1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). The exposure of these marijuana plants growing in his unfenced backyard to the plain view of his neighbors evidenced that Morsman did not have any reasonable expectation of privacy regarding these plants. He has failed to establish any intention to keep these plants to himself. "What a person knowingly exposes to the public, even in his own home or office, is *411 not a subject of Fourth Amendment protection." Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). See Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978), wherein the District Court of Appeal, Fourth District, concluded that a person who keeps marijuana plants in open view in his backyard in plain view of a neighbor has no reasonable expectation of privacy in these plants.
OVERTON, J., concurs.