ZEHMER, Judge.
At issue in this appeal by the state is whether the trial court erred in suppressing the warrantless seizure of marijuana growing behind the defendants’ trailer. We reverse and remand for trial.
Upon receiving a tip regarding the location of a marijuana plot, investigator Roger Crase and a confidential informant drove to the area where the marijuana was allegedly being grown. At the same time, investigator Miles flew over the marijuana plot in an unmarked airplane at 1200 feet altitude while maintaining radio contact with investigator Crase. Arriving at the scene, investigator Crase was unable to observe any cannabis from the roadway because his view was blocked by a trailer and wooded area.
Investigator Miles informed Crase that he could see a plot of marijuana growing behind the trailer and that while he was flying over the plot he noticed a person on the ground between the marijuana plot and the trailer looking up at him. Believing that the aerial surveillance had been “burned” by the sighting of the airplane, investigator Crase altered his original plan to secure a warrant to search the area and radioed investigator Miles to “keep an eye on the contraband” to insure that it was *1010 not destroyed and to make certain that none of the residents of the trailer fled the scene. Investigator Crase and a partner, investigator Johnson, drove up to the trailer with the intention of securing the cannabis and making an application for a search warrant through investigator Miles. As investigator Crase walked to the front door of the trailer, he saw that the front door was open and that numerous bales of marijuana were visible on the floor and furniture in the trailer. Crase also saw through a picture window in the trailer that a white female was standing directly outside and behind the trailer. From his vantage point at the front door, Crase was not able to see the marijuana plot located behind the trailer.
Through the open doors and windows of the trailer, investigator Crase announced his presence to the female standing behind the trailer and indicated to her that she should not attempt to flee the area. In order to question the woman, Crase walked around the side of the trailer and met the woman and a white male at the back corner of the trailer. From this vantage point, Crase could clearly see the marijuana plot. Upon ascertaining that the defendants owned the trailer and resided therein, they were placed under arrest and informed of investigator Crase’s intention to secure the area and obtain a search warrant for the cannabis plot. The suspects were removed from the scene, and thereafter investigator Miles, who had flown back to town to obtain a search warrant, returned to the trailer without a warrant. Miles indicated to Crase that there had been a debate between the state attorney’s office and his unit as to whether or not a warrant would be issued. At that point, investigator Crase seized the marijuana growing behind the trailer.[1]
The trial court granted the defendants’ motion to suppress the seized marijuana based upon a finding that the cannabis was growing within fifty feet of the defendants’ residence in an area in which they had a legitimate expectation of privacy, that the cannabis could not be seen from any area outside the defendants’ property, and that there were no exigent circumstances justifying a warrantless seizure of the cannabis once the defendants had been placed under arrest and removed from the scene.
The trial court was correct in finding that the defendants had a reasonable expectation of privacy with respect to the cannabis plot in their back yard, U.S. v. Holmes, 521 F.2d 859 (5th Cir.1975).[2]
Despite the existence of a reasonable expectation of privacy, we hold that the police officers were justified in seizing the cannabis. Investigator Crase had a legal right to proceed to the front door of defendants’ trailer because the defendants did not have a reasonable expectation of *1011 privacy with respect to the front-door area of their trailer. State v. Morsman, 394 So.2d 408 (Fla.1981). Once investigator Crase arrived at the front door, observed contraband clearly visible all over the floor and furniture in the trailer, and saw the female standing outside directly behind the trailer, he was clearly authorized to temporarily detain and question the female because the circumstances reasonably indicated that such person was committing a felony. § 901.151(2), Fla.Stat. (1981). Although defendants had a reasonable expectation of privacy with respect to the backyard area of their trailer, investigator Crase was justified in proceeding around the side of the trailer in order to temporarily detain and question the suspect. Once he ascertained that the defendants owned the trailer and resided therein, he had probable cause and was authorized to arrest the defendants. § 901.151(4), Fla.Stat. (1981). At that point, investigator Crase was within the backyard area of defendants’ trailer and was in plain view of the marijuana plot; accordingly, he was authorized to make a warrantless seizure of such marijuana pursuant to the plain-view doctrine. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.

. The marijuana located within the defendants’ trailer was also seized without a warrant by Investigator Crase; however, the state has admitted that this marijuana was unlawfully seized and has not attempted to use it as evidence. The state is correct in admitting an unlawful seizure of the marijuana within the trailer because Investigator Crase only viewed that marijuana from a vantage point outside the trailer. Since Crase was not legally within the trailer when he viewed the marijuana, there was no "valid prior intrusion” to support application of the plain-view doctrine. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Rickard, 420 So.2d 303 (Fla.1982). Nor were there any exigent circumstances justifying entry into the trailer.

. Costello v. State, 442 So.2d 990 (Fla. 1st DCA 1983) is factually distinguishable from the instant case because it does not appear from the Costello opinion that the property on which the marijuana was growing was within the backyard area of the defendant's residence. Costello was decided by this panel of the court on November 7, 1983, and we are fully aware of the facts in that case. In Costello, the marijuana plot at issue was located adjacent to a sand road leading to the residence and was approximately seventy-five to one hundred feet from the defendant’s residence. Accordingly, the property was not entitled to the protection given to backyard areas in which there is a reasonable expectation of privacy. It is, of course, well settled that the mere viewing of property by a police officer from a point where such officer has a legal right to be does not, in and of itself, constitute sufficient evidence to prove that the property is not subject to a reasonable expectation of privacy. State v. Rickard, supra.