458 So.2d 822 (1984)
Peter RANDALL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-554.
District Court of Appeal of Florida, Second District.
November 2, 1984.
*823 Thomas E. Cunningham, Jr., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant challenges the denial of his motion to suppress contraband seized under an allegedly invalid search warrant. Police obtained the warrant on the basis of probable cause established during a warrantless aerial surveillance of appellant's fenced backyard. According to appellant, the aerial observation of an area in which he had manifested a reasonable expectation of privacy constituted an unreasonable search proscribed by the fourth amendment of the United States Constitution and article I, section 12 of the Florida Bill of Rights. Appellant, therefore, seeks to invalidate the subsequent warrant-sanctioned seizure on the ground that a preceding illegal search cannot furnish probable cause to support the issuance of a search warrant. Purcell v. State, 325 So.2d 83 (Fla. 1st DCA 1976). For the reasons discussed below, we affirm.
Police officers executed an aerial overpass above appellant's duplex apartment after a reed fence surrounding his backyard precluded them from otherwise visually confirming an anonymous tip that appellant was growing marijuana there. From the vantage point of a helicopter flying at a *824 routine patrol altitude, the officers, with unaided vision, observed plants which one officer identified as marijuana. After making a second overpass the next day to photograph their findings, the officers obtained a search warrant and seized the contraband from appellant's backyard. When the trial court denied appellant's dispositive motion to suppress, appellant pled nolo contendere to the charged offense of cultivating marijuana under section 893.13(1)(a)(2), Florida Statutes (1981), reserving the right to appeal the denial of his motion. This timely appeal ensued.
We reject appellant's contention that the aerial overflight conducted in the instant case constituted an unreasonable search. Conversely, under the particular facts of this case, we believe that the officers' aerial observation of appellant's fenced backyard was a legally permissible preintrusion "open view," as that concept has been defined by the Florida supreme court in State v. Rickard, 420 So.2d 303 (Fla. 1982), and Ensor v. State, 403 So.2d 349 (Fla. 1981).
The fourth amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." As the United States Supreme Court held in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), a "search" occurs within the meaning of the fourth amendment when government action invades an individual's justifiable or reasonable expectation of privacy. Katz, 389 U.S. at 353, 88 S.Ct. at 512, 19 L.Ed.2d at 583. See Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). Under Katz and its progeny, a reasonable expectation of privacy exists if the individual has exhibited an actual, subjective expectation of privacy which society is prepared to recognize as reasonable. See Smith, 442 U.S. at 740, 99 S.Ct. at 2580, 61 L.Ed.2d at 226. The Florida supreme court applied the Katz analysis in State v. Rickard, a case involving a factual situation similar to that posed here.
In Rickard, the defendant's neighbor informed police that he had observed what he believed to be marijuana growing in the defendant's backyard. When police were unable to view the alleged contraband from the neighbor's yard, they proceeded to an orange grove located behind the defendant's property and from this vantage point obtained an unobstructed view of the marijuana growing approximately fifty feet away. Notwithstanding the visual accessibility of the contraband from the adjoining grove, the supreme court ruled that Rickard had demonstrated a subjective expectation of privacy by surrounding his property with a chain link fence, placing the marijuana behind a shed, and erecting a plywood partition to obstruct the view of his only adjacent neighbor. Rickard, 420 So.2d at 306. Furthermore, the court noted that society was willing to honor the expectation of privacy which Rickard had objectively manifested. Id.
After observing the marijuana from the orange grove, investigating officers ultimately arrested Rickard and seized the marijuana from his backyard without obtaining a search warrant. The supreme court invalidated the seizure, holding that, in the absence of exigent circumstances, police officers may not undertake a warrantless seizure of contraband from an individual's backyard when the individual has exhibited a reasonable expectation of privacy in that area. Rickard, 420 So.2d at 307. Significantly, however, the court noted that the officer's initial observation of the contraband from the adjacent orange grove had not constituted a search, but rather had qualified as a legally permissible preintrusion open view.[1]Rickard, 420 So.2d at 305. According to Rickard, a valid "preintrusion open view" occurs when an officer, who is located outside of a constitutionally protected area, looks into the protected area and observes contraband. The officer's *825 observation merely furnishes him with probable cause to seize the item; he must either obtain a warrant or qualify under an exception to the warrant requirement before he may enter the protected area and seize the contraband. Id. at 305.
Applying the reasoning of Rickard to the instant case, we believe that appellant exhibited a reasonable expectation of privacy in the backyard of his duplex apartment when he installed a reed fence around the perimeter of his property and thus obstructed the area from view by adjacent neighbors and other passers-by. See Fixel v. Wainwright, 492 F.2d 480 (5th Cir.1974) (resident of multiunit dwelling possessed reasonable expectation of privacy in backyard area which was sufficiently removed and private in character). Accord Olivera v. State, 315 So.2d 487 (Fla.2d DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976). Under the circumstances presented, we reach this conclusion even though appellant's attempt to manifest his expectation of privacy in the curtilage of his home did not protect his backyard from aerial observation.[2] Certainly an individual need not construct "an opaque bubble" over his backyard in order to have a reasonable expectation of privacy regarding his activities there. United States v. Allen, 675 F.2d 1373, 1380 (9th Cir.1980).
While we acknowledge the validity of appellant's expectation of privacy, we still conclude that the aerial surveillance conducted in the instant case did not constitute a governmental intrusion which rose to the level of an impermissible search. The investigating officers unquestionably made their observation from a place where they had a legal right to be. They did not hover over appellant's property or survey it from an unreasonably low altitude. Nor did they make repeated flights over the property, subjecting it to daily scrutiny over a prolonged period until they finally discovered contraband. Furthermore, the officers made their initial aerial observation of the contraband with their unaided vision, without resort to high-powered lenses or other telescopic devices.
As numerous cases make clear, it is not dispositive under Florida law that the officers resorted to aerial surveillance in a deliberate attempt to see what otherwise may have been obstructed from their ground view. The open view doctrine does not require an inadvertent observation. See Olivera, 315 So.2d at 489 n. 1; State v. Flores, 305 So.2d 292 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 189 (Fla. 1975). Conversely, as the supreme court stated in State v. Ashby, 245 So.2d 225, 228 (Fla. 1971), "In application of the `open view' doctrine, it is not an unreasonable search without warrant for an officer to move to a position where he has a legal right to be, and look for things he may have reason to believe will be seen." Indeed, in Rickard, the officers deliberately positioned themselves in an adjacent orange grove in order to see what otherwise had been obstructed from view from the neighbor's yard.
While the efforts undertaken by police officers in order to gain a view into a constitutionally protected area undoubtedly must be considered in determining the degree of governmental intrusion, we do not deem aerial observation alone to be unreasonably intrusive under the circumstances presented. Society appears willing to accept aerial surveillance as a reasonable and necessary investigative tool in effective modern law enforcement. Furthermore, we do not believe that requiring police to procure a warrant before executing a general aerial overflight such as that conducted in the instant case would significantly advance the protection of legitimate privacy interests. See Oliver v. United States, ___ U.S. ___, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984) (addressing, peripherally, aerial surveillance of an open field). In short, we conclude that the nonharassing surveillance *826 conducted in the instant case struck an acceptable balance between society's interest in effective modern law enforcement and the individual's interest in the values protected by the fourth amendment.
Unlike the police officers in Rickard, the officers in the instant case secured a search warrant before entering appellant's backyard and seizing the sighted contraband. Consequently, the procedure utilized here appears to comport with that which the supreme court inferentially approved in Rickard. See Rickard, 420 So.2d at 305. While we affirm the trial court's ruling on the basis of our understanding of Rickard, we certify the following question as one of great public importance:
WHETHER POLICE OFFICERS, RESPONDING TO AN ANONYMOUS TIP, MAY MAKE A LEGALLY PERMISSIBLE PREINTRUSION OPEN VIEW FROM THE VANTAGE POINT OF A HELICOPTER TRAVELLING AT A LAWFUL PATROL ALTITUDE ABOVE AN AREA IN WHICH AN INDIVIDUAL HAS MANIFESTED A REASONABLE EXPECTATION OF PRIVACY FROM GROUND SURVEILLANCE, AND, ON THE BASIS OF THIS AERIAL OBSERVATION, OBTAIN A SEARCH WARRANT JUSTIFYING SEIZURE OF SIGHTED CONTRABAND.
RYDER, C.J., and CAMPBELL, J., concur.
NOTES
[1] Addressing this point, the court stated: "Police were in an orange grove where they had a legal right to be when they observed marijuana growing in [Rickard's] backyard. The plants were open to view only fifty feet away; therefore, no search occurred." Rickard, 420 So.2d at 305.
[2] As the First District noted in State v. Bowen, 444 So.2d 1009, 1010 n. 2, (Fla. 1st DCA 1984), "It is, of course, well settled that the mere viewing of property by a police officer from a point where such officer has a legal right to be does not, in and of itself, constitute sufficient evidence to prove that the property is not subject to a reasonable expectation of privacy."