## HARRIS v. STATE OF FLORIDA

Case No. 84-1415

Second Judicial Circuit, Leon County

May 16, 1985

### APPEARANCES OF COUNSEL

**Judith J. Dougherty** for appellant.

**Elaine K. Ashley,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

P. KEVIN DAVEY, Circuit Judge.

Harris appeals his conviction for cruelty to animals and fighting or baiting animals, and raises six points of alleged error. There is no merit to Points I, II and IV, and the jurisprudence of Florida will in no way suffer from this Court's failure to elaborate on its rationale. The other points, however, merit some discussion.

The trial court was correct in refusing to suppress the evidence seized in the Defendant's yard. The officers responding to a burglary complaint had probable cause to be on Defendant's premises. All the evidence introduced at the trial was either in the officers' plain view or seized pursuant to the search warrant obtained subsequently. Once the law enforcement personnel were legitimately on the premises, items in plain view could be seized without violating Defendant's Fourth Amendment rights. *Coolidge v. New Hampshire*, 403 U.S. 443; 29 L.Ed.2d 564 (1971); *State v. Bowen*, 444 So.2d 1009 (Fla. 1st DCA 1984). The fact that the officers may not have known the particular use or criminal significance of several of the items found in plain view is of no consequence.

Appellant also complains that the charged offense of cruelty to animals was a lesser-included offense of that charged in Count II, i.e., owning, managing or operating a facility kept or used for the purpose of fighting or baiting any animal. Harris contends that this subjected him to double jeopardy in violation of the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. The test for determining whether the prosecution of two separate offenses results in double jeopardy is set forth in *Bell v. State*, 437 So.2d 1057 (Fla. 1983).

In *Bell*, Justice Adkins, speaking for an undivided court, held that:

"If two statutory offenses have the exact same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally 'the same offense' and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events.

If the prosecution is based on a different statutory offense from, *but on the same factual event as*, that resolved in a prior, or another prosecution, double jeopardy does *not bar the proposed prosecution or punishment*. See *Preston v. State*, 397 So.2d 712 (Fla. 5th DCA 1981)." E.S.

In the instant case, a great deal of the testimony and the exhibits in evidence were used by the prosecution to demonstrate guilt as to both offenses charged. The offenses charged are two, separate and distinct crimes. The elements that the State is required to prove to obtain a conviction on each offense are different. For example, if no injured dogs or other evidence of harmful actions to dogs had been found, then the crime of cruelty to animals could not have been proved. However, the pit, baiting stick and other paraphernalia could have been intro-

duced to support a conviction on the charge of maintaining a facility for the purpose of fighting or baiting dogs. These offenses do not have the same essential, constituent element nor does one offense include all the elements of the other; therefore, conviction and sentencing on the two offenses was constitutionally permissible.

Lastly, Appellant complains that the trial court erred in sentencing him, over counsel's objection, immediately after the verdict was rendered by the jury. Appellant argues that he should have been given time to gather and present mitigating evidence.

Defendants have no rights to a pre-sentence investigation in misdemeanor cases; it is a matter of the trial court's discretion. Section 921.231(1), Florida Statutes. The timing of sentencing appears to be a matter within the sound discretion of the trial court. A decision of discretion should not be disturbed on appeal in the absence of an abuse of discretion. There is nothing in the record to indicate that the trial court abused his discretion in immediately sentencing the Defendant. Certainly, reasonable men could differ as to this procedure. *Canakaris v. Canakaris*, 382 So.2d 1197 (Fla. 1980).

It is, thereupon,

ORDERED AND ADJUDGED that the Defendant's convictions and sentences are hereby affirmed.