MILLS, Judge.
Clark appeals his conviction for manufacturing marijuana and possession of a short-barrelled gun, on the ground that the warrant under which the State’s evidence was obtained was based on an illegal search. We affirm.
After receiving a tip from a confidential informant, an officer proceeded to a wooded area 200 feet from Clark’s mobile home, from which vantage point he observed marijuana growing on Clark’s property. Using the information obtained from this observation, the officer executed an affidavit for search warrant, which he received and under which he entered Clark’s property. The resulting search revealed over 150 marijuana plants' and a short-barrelled rifle, which were seized.
Clark made no pretrial motion to suppress this evidence, but objected to its introduction at trial on the ground that the officer’s initial observation was an illegal search, the fruits of which could not be used to obtain a warrant. The trial court overruled Clark’s objections after hearing the officer’s testimony as to the circumstances of the observation. The trial court’s action was correct.
Observations made from a place where officers have a legal right to be do not rise to the level of an impermissible search, Randall v. State, 458 So.2d 822 (Fla. 2d DCA 1984), since when contraband is clearly visible from an area not constitutionally protected, no reasonable expectation of privacy exists therein. Costello v. State, 442 So.2d 990 (Fla. 1st DCA 1983); see also State v. Rickard, 420 So.2d 303 (Fla.1982). Here, the officer was “located outside of a constitutionally protected area and [was] looking inside that area,” a “preintrusion” observation. Ensor v. State, 403 So.2d 349 (Fla. 1981). While it would have been improper to enter the property and seize the evidence without a warrant, since such an observation can do no more than furnish probable cause for seizure, Ensor at 352, here the officer properly obtained a warrant before executing the search. See also Diehl v. State, 461 So.2d 157 (Fla. 1st DCA 1984).
Therefore, because the warrant was not based on the fruits of an illegal search, the trial court did not err in admitting the evidence.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.