SCHEB, Judge.
Defendant pled nolo contendere to a violation of section 893.13, Florida Statutes (1985), which prohibits felony possession of marijuana. He specifically reserved the right to appeal the trial court’s denial of his motion to suppress, which the state agreed was dispositive. Adjudication of guilt was withheld, defendant was placed on probation for one year, and this appeal ensued.
Defendant contends the trial court erred in denying his motion to suppress the war-rantless seizure of some potted marijuana plants found growing on the balcony of defendant’s apartment. We agree with his contention.
During Hurricane Elena in August 1985, St. Petersburg Police Officers Diebold and Hinedrick went to defendant’s apartment to investigate a reported burglary. Defendant was not at home, so the officers went to an adjacent apartment to inquire about his whereabouts. The occupants of the neighboring apartment informed Officer Diebold that there were marijuana plants growing on defendant’s balcony. The officer was permitted to observe the plants from the adjacent apartment’s balcony. The balcony of the defendant’s apartment was surrounded by masonry walls. Other than climbing over the walls, the only access to the balcony was through a door from defendant’s apartment. After observing the plants, Officer Diebold had his superior officer, Sgt. Manning, come to the scene. The officers then decided to seize the plants without first obtaining a warrant.
Defendant contends, and we agree, that he had a reasonable expectation of privacy on his second floor balcony. “The protection afforded ‘houses’ in the Fourth Amendment to the United States Constitution and the Declaration of Rights of the Florida Constitution also includes the curti-lage, i.e., the ground and buildings immediately surrounding a dwelling and customarily used in connection with it.” Huffer v. State, 344 So.2d 1332, 1333 (Fla. 2d DCA 1977); Dinkens v. State, 291 So.2d 122 (Fla. 2d DCA 1974). To illustrate, the privacy expectation of a defendant who occupied one unit of a four-unit apartment building was held to extend to the enclosed rear yard or curtilage not normally used as a common passageway in Fixel v. Wainwright, 492 F.2d 480 (5th Cir.1974).
Despite the defendant’s reasonable expectation of privacy, the police officers’ view of the marijuana plants appears to have been a proper “pre-intrusion” observation. Ensor v. State, 403 So.2d 349 (Fla.1981). Nevertheless, the officers’ observation of the marijuana plants only furnished them probable cause to seize them. However, absent the existence of some exception to the warrant requirement, it was necessary for the officers to obtain a warrant before entering defendant’s constitutionally protected balcony and seizing the contraband. Ensor at 352.
We think State v. Rickard, 420 So.2d 303 (Fla.1982) is controlling. There, law enforcement officers made a warrantless seizure of marijuana plants from defendant’s backyard. Plywood partitions obstructed the view of Rickard's neighbors; however from an orange grove in the rear, the officers had a clear view of the marijuana plants. The supreme court held “[Wjhere contraband is seen in plain view by police in the defendant’s backyard from a point adjacent to the property and the defendant has exhibited an actual expectation of privacy, the police may not seize the contraband *642 without a warrant in the absence of exigent circumstances.” 420 So.2d at 307.
The state argued the existence of exigent circumstances to the trial court. The trial court, however, declined to make such a finding, and our review of the record shows no exigent circumstances to justify the warrantless seizure. Although the local police department may well have been overworked during the hurricane, surely one of the three officers at the scene could have sought a warrant while another secured the scene.
We hold that defendant had a reasonable expectation of privacy in the walled-in balcony of his apartment. Since the state failed to establish a valid exception to the warrant requirement, the seizure of the marijuana plants violated defendant’s constitutional rights.
Accordingly, we reverse the trial court’s order denying the suppression of the evidence.
GRIMES, A.C.J., and CAMPBELL, J., concur.