975 So.2d 542 (2008)
Darin Lee WALDO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1877.
District Court of Appeal of Florida, First District.
February 6, 2008.
Rehearing Denied March 4, 2008.
*543 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant challenges convictions entered upon jury verdicts at a trial after the denial of his motion to suppress evidence. Despite the appellant's assertion that the court should have entered a judgment of acquittal, there was sufficient evidence at trial to submit the case to the jury. But because some of the evidence resulted from an unlawful search and should have been suppressed, the convictions must be reversed.
At a hearing on the motion to suppress it was established that after receiving a tip about criminal activity, sheriff's officers went to the appellant's home and knocked on the front door. When nobody answered the knock at that door, officers went to the side and back of the house and tried to get the occupants to respond at those locations. During this foray into the side and back yard, the officers observed incriminating evidence in the yard. An affidavit for a search warrant was prepared, with a description of those observations. A search warrant issued, and on a subsequent search of the house officers found additional incriminating evidence.
In denying the motion to suppress, the trial court indicated that the officers had a legitimate and lawful reason to be on the property. However, while there was no violation of the appellant's privacy rights when the officers first went to the front door where visitors might be expected, the side and backyard areas are more private and are constitutionally protected. See State v. Morsman, 394 So.2d 408 (Fla.1981); Maggard v. State, 736 So.2d 763 (Fla. 2d DCA 1999). As Morsman and Maggard indicate, the officers' uninvited and warrantless entry into the side and backyard areas was an unlawful search. And because the officers' observations during the unlawful search may not be used to obtain a warrant for a further search of the property and the house, see Morsman, the evidence resulting from the searches should have been suppressed.
The state argues that the evidence may be received under the good faith doctrine announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). But although a warrant was obtained before the officers entered the house, the officers had already made an *544 unlawful search of the yard outside the house and the warrant was based on the officers' observations during that unlawful search. The good faith doctrine as approved in Leon contemplates that the law enforcement agents have not acted improperly, and are otherwise entitled to reasonably rely on a judicial determination of probable cause in the issuance of a warrant. The notion that good faith cannot be claimed in connection with law enforcement error or negligence is confirmed in cases such as State v. White, 660 So.2d 664 (Fla.1995), and Shadler v. State, 761 So.2d 279 (Fla.2000). In the present case there is no basis for an assertion of good faith, in light of the officers' initial misconduct.
The appellant's convictions are reversed, and the case is remanded.
POLSTON, J., concurs, and WOLF, J., concurs with opinion.
WOLF, J., Concurring.
If all of the trial judge's factual findings were supported by the record, I would affirm. Several critical determinations concerning the character of the area, as well as normal customs of people in this community, are not supported by evidence on the record. These determinations would be pertinent to appellant's reasonable expectation of privacy as well as the reasonableness of the officers' actions. I, therefore, agree with the majority's conclusion to reverse the denial of the motion to suppress.