GRIMES, Judge.
This is one of two cases[1] in which we stayed the appeals pending the supreme court’s decision in State v. Rickard, 420 So.2d 303 (Fla.1982). Ironically, we now reach opposite conclusions because of certain facts which distinguish the two cases.
The police received an anonymous phone call advising that appellee was growing marijuana in his backyard. A community center immediately adjoined appellee’s property with only a modest depression used for drainage separating the parcels. Without traversing appellee’s property, the police walked to a point near the rear of the community center building. From that point they saw marijuana plants growing in appellee’s backyard about thirty yards away. Although there were a few bushes and shrubs in appellee’s yard, the officers had an unobstructed view. The plants, which were growing near appellee’s house, were seven to eight feet tall. The officers then went to appellee’s residence and seized the marijuana plants. They had no search *75 warrant, and there is no indication of any exigent circumstances which required immediate action on their part. In the ensuing prosecution for possession of marijuana, the court granted appellee’s motion to suppress.
In Rickard, the police also viewed marijuana in the defendant’s backyard from a point where they had a legal right to be. However, in Rickard the defendant had surrounded his yard with a chain link fence and erected a plywood partition which obstructed the view of his yard from the only nearby house. The police saw the marijuana by going into a grove owned by out-of-state residents which was located behind the defendant’s property. Rather than drawing a bright-line rule, the court held that cases involving the warrantless seizure of contraband seen by police in the defendant’s backyard from a point adjacent to his property must be decided upon whether the property owner has exhibited an actual expectation of privacy. The court ruled that Rickard had demonstrated an expectation of privacy by virtue of his lack of proximity to neighbors and the erection of his chain link fence and partition.
Despite having suppressed the seizure upon the particular facts of that case, the supreme court in Rickard clearly recognized the continued viability of Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA), cert. denied, 361 So.2d 833 (Fla.1978), in which the seizure of a backyard cultivation of marijuana behind a chain link fence was upheld because the police had an unobstructed view from a neighbor’s yard. The argument for the legality of the seizure in the instant case is at least as strong. While the sloping drainage ditch clearly marked the edge of appellee’s property, neither it nor the several bushes in the backyard obstructed the view from the neighboring community center. The police did not go on appellee’s property until they had clearly identified the plants as marijuana. The appellee can hardly be said to have a reasonable expectation of privacy when he chooses to openly grow eight foot marijuana plants next to a public building. Consequently, we reverse the suppression order and remand the case for further proceedings.
HOBSON, A.C.J., and SCHEB, J., concur.

. The other case is State v. Rowe, 422 So.2d 75 (Fla.2d DCA 1982).