GRIMES, Acting Chief Judge.
The state appeals from an order suppressing the seizure of marijuana from the ap-pellee’s backyard. We stayed this appeal pending the supreme court’s decision in State v. Rickard, 420 So.2d 303 (Fla.1982).
One of appellee’s neighbors advised the police that he thought appellee was growing marijuana in his backyard. Appellee’s yard was surrounded by a chain link fence. The police were unable to see any marijuana from the complainant’s property. They then went to the house on the opposite side of appellee’s property and, with the owner’s permission, viewed the appellee’s backyard. The police made their observations from inside the neighbor’s house because appellee and another person were in the yard. Even from this vantage point the police could not identify certain growing plants as marijuana with the naked eye. However, with the use of binoculars, one of the policemen could make out marijuana growing in the yard at a point about 140 feet away. The marijuana plants were from two to twelve inches tall and were growing in the middle of a vegetable garden. Thereupon, the police seized the marijuana. They did not have a search warrant, and there was no suggestion of any exigent circumstances which might have required the police to take immediate action.
The supreme court in Rickard held that cases of this type, in which the police view contraband in a backyard from a point at which they have a legal right to be, must be determined upon a case by case basis. The criterion for the decision is whether the defendant manifested an actual expectation of privacy. In Rickard the court upheld the suppression of the seizure of marijuana from the defendant’s backyard because he had surrounded his house with a chain link fence and had erected a partition which obscured the view of his only neighbor.
In the instant case, we think appellee manifested a comparable expectation of privacy which must be preserved. As in Rick-ard, the existence of the chain link fence was an indicium of a desire for privacy. Moreover, the marijuana was planted in the midst of a vegetable garden. The police could not even identify the plants as marijuana without the use of binoculars. Unlike the case of State v. McConnell, 422 So.2d 74 (Fla. 2d DCA 1982), the marijuana was not readily visible from adjacent property. We need not reach the question of whether the police could have obtained a search warrant based upon the information then known to them because they did not seek to do so. See Newberry v. State, 421 So.2d 546 (Fla. 4th DCA 1982). We therefore uphold the order of suppression.
AFFIRMED.
SCHEB and RYDER, JJ., concur.