436 So.2d 1103 (1983)
STATE of Florida, Appellant,
v.
Terry LOOMIS and Janet Loomis, Appellees.
No. 82-2492.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Philip G. Butler, Jr., West Palm Beach, for appellees.
BERANEK, Judge.
The State appeals an order granting the defendants' motion to suppress physical evidence seized from the defendants' backyard. We reverse.
Acting on an anonymous tip, a Boynton Beach police officer positioned himself in a shopping center parking lot which was located across a canal from the defendants' residence. He observed two individuals sitting in the backyard putting marijuana plants into pots and several marijuana plants three to four feet high in the backyard. The two individuals who were in the backyard were arrested and the marijuana plants in the backyard were seized without a warrant. These individuals were not the owners of the property and are not parties to this appeal. The following day the owners of the home, appellees, Janet and Terry Loomis, were arrested and charged with trafficking in marijuana in violation of Section 893.135(1)(a), Florida Statutes (1979). Their motion to suppress the marijuana seized from their backyard was granted, and the State appeals.
The appellees maintain that State v. Rickard, 420 So.2d 303 (Fla. 1982), controls and requires affirmance based on the following excerpt at 304: "Where contraband is seen in plain view by police in the defendant's backyard from a point adjacent to the property, may the police seize the contraband without a warrant in the absence of exigent circumstances? We answer the question in the negative."
However, after an analysis of the issue, the court concludes at 307:

*1104 We answer the certified question as follows:
Where contraband is seen in plain view by police in the defendant's backyard from a point adjacent to the property and the defendant has exhibited an actual expectation of privacy, the police may not seize the contraband without a warrant in the absence of exigent circumstances. [Emphasis supplied.]
The answer to the certified question appearing at the conclusion of the opinion differs from the question as presented initially in that it requires the defendant to exhibit an actual expectation of privacy before the police officers have to obtain a warrant to seize contraband in plain view in the absence of exigent circumstances. In Rickard the defendant had constructed a chain-link fence around his backyard and he also erected a partition next to his storage shed which obstructed the view of his yard from his only neighbor. Defendant had been growing marijuana in the obstructed area. The court found that the defendant exhibited an actual expectation of privacy.
In Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA), cert. denied, 361 So.2d 833 (Fla. 1978), the defendant was growing marijuana in his backyard in plain view. While the yard was enclosed with a chain-link fence, the court held that the defendant had exhibited no reasonable expectation of privacy. The seizure of marijuana without a warrant was thus a legitimate seizure. The Supreme Court recognized the viability of the holding of Lightfoot in Rickard. See also Newberry v. State, 421 So.2d 546 (Fla. 4th DCA 1982).
The Second District has relied on Rickard holding that growing marijuana in plain view in a backyard with no fence and with only a modest depression used for drainage separating the defendant's lot from a neighboring community center does not create the requisite expectation of privacy which would require a police officer to obtain a warrant before seizing contraband from the premises. State v. McConnell, 422 So.2d 74 (Fla. 2d DCA 1982). However, in State v. Rowe, 422 So.2d 75 (Fla. 2d DCA 1982), the same court found that the existence of a chain-link fence and the fact that the marijuana was in the midst of a vegetable garden in the defendant's backyard created the requisite expectation of privacy required by Rickard.
In this case, the Loomises erected a three and one-half to four foot high chain-link fence running around the sides of the yard. The testimony established that the fence was the type required by law to enclose a pool. We hold that based on these facts, the defendants did not create the requisite actual expectation of privacy which would require the police to obtain a warrant before seizing the marijuana growing in plain view in the backyard. Therefore, the order granting the motion to suppress is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD, C.J., and HURLEY, J., concur.