GRIMES, Acting Chief Judge.
Appellant pled nolo contendere to charges of grand theft and dealing in stolen property. He reserved the right to appeal the denial of his motion to suppress evidence.
At the hearing on the motion to suppress, Officer Miller of the St. Petersburg Police Department testified that he received a call from an anonymous citizen who told him that an individual was sanding rental trailers at a location which turned out to be appellant’s residence. When Miller arrived, he observed, from the vantage point of the street, two rental trailers in the appellant’s back yard. Without obtaining a search warrant, Miller and Officer Ginsmer entered the back yard to take a closer look at the trailers. Upon close inspection, they noticed that the trailers had been partially sanded and the stenciling and license tags had been removed. While the police were looking at the trailers, the appellant came out of his house to talk to them. During the conversation, Officer Ginsmer located a serial number on one of the trailers. After running a check on the number, Ginsmer verified that the trailer had been stolen. Appellant was subsequently arrested and the trailers were seized.
Appellant argues that without a search warrant the police officers’ entry upon his property and the subsequent inspection and seizure of the trailers were unlawful. We agree.
This case is much like State v. Morsman, 394 So.2d 408 (Fla.1981), in which the police, acting on a double hearsay report, seized some marijuana plants in the defendant’s back yard. The supreme court held that since the plants were not visible from outside the defendant’s property, the officer had no right to go into the back yard to seize them without a search warrant. Here, while the officers could see the trailers from the street, they were unable to determine whether the trailers were stolen until after they entered appellant’s back yard. Inasmuch as there was no showing of exigent circumstances, they did not have a right to enter the appellant’s back yard to inspect the trailers without a search warrant. Hence, the motion to suppress' should have been granted.
We reverse the judgment of guilt and remand the case for further proceedings.
SCHEB and SCHOONOVER, JJ., concur.