437 So.2d 794 (1983)
STATE of Florida, Appellant,
v.
Thomas DUDA, Appellee.
No. 83-530.
District Court of Appeal of Florida, Second District.
September 16, 1983.
*795 Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellee.
GRIMES, Judge.
The state appeals an order suppressing a marijuana plant and incriminating statements made by the appellee.
The facts are not in dispute. At approximately 1:20 a.m. on November 15, 1982, Officer John Corbett of the St. Petersburg Police Department responded to a radio bulletin concerning a domestic disturbance or possible fight at a residence. He was quickly joined by two other officers on patrol. After arriving at the scene, Corbett heard shouting coming from the area of the rear of the house and the back yard. He proceeded around the building to a carport which led to a back door. There he met a woman. As the shouting continued, she informed him that appellee and his brother were arguing inside. She called to the men, and Officer Corbett then stepped through the back door to speak with them. After he was satisfied that the disturbance had ended, Officer Corbett turned to leave.
As Officer Corbett was walking through the carport, Officer Fridlund, who had stayed outside in a backup capacity, advised him that there was something he should see. Officer Fridlund then pointed to a marijuana plant approximately four feet high growing from a white plastic bucket. The plant was readily visible from the driveway and was ten to twelve feet from the house. The woman had previously informed Officer Fridlund that the plant belonged to appellee. Officer Corbett then returned to the house to question appellee. After receiving Miranda warnings, appellee admitted that the plant belonged to him.
Officers Corbett and Fridlund had inadvertently sighted the marijuana plant in plain view. They were able to seize the plant, however, only if they had the legal right to be in appellee's back yard. State v. Morsman, 394 So.2d 408 (Fla. 1981).
Although there is a reasonable expectation of privacy in the back yard of a residence as an area not generally viewed by the public, State v. Morsman; Jennings v. State, 419 So.2d 750 (Fla. 2d DCA 1982), that expectation can give way in an emergency situation. The supreme court has stated that the police have the inherent right to enter and investigate an emergency, without an accompanying intent either to seize or arrest, as part of their duties as peace officers. Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982). Their determination of the existence of an emergency is to be measured by the reasonableness of their belief at the time, not the existence of an emergency in fact. See Long v. State, 310 So.2d 35 (Fla. 2d DCA 1975); State v. Hetzko, 283 So.2d 49 (Fla. 4th DCA 1973). In the instant case we find that a potential emergency situation had *796 existed which justified the presence of the police in appellee's back yard.
Officers Corbett and Fridlund had responded to a call of a disturbance or possible fight. When they arrived at the address, they could hear shouting from the rear of the house. They were unaware of the number of persons involved or the reason for the controversy. Sensing a need for immediate action, they proceeded without a warrant to the back of the house. The officers' decision to go directly to the location at which the disturbance appeared to be occurring rather than knocking at the front door cannot be faulted. Since the officers acted under exigent circumstances, their presence in the back yard was justified. At this point, the marijuana plant, being in plain view, was properly seized.
The order granting the motion to suppress is reversed.
OTT, C.J., and CAMPBELL, J., concur.