464 So.2d 152 (1985)
A.E.R., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2394.
District Court of Appeal of Florida, Second District.
January 16, 1985.
Rehearing Denied February 28, 1985.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This is an appeal from a judgment finding appellant delinquent and placing her under community control for a minimum of six months. Appellant alleges error in the denial of her motion to suppress evidence seized incident to an investigatory inquiry by police officers. We find that the *153 police did not exceed their authority in entering upon the side yard of appellant's home to conduct an investigatory stop, and consequently we affirm.
The circumstances leading to appellant's arrest occurred on August 1, 1983, when Officer Ray DeCunto investigated a neighborhood complaint. The complainant told Officer DeCunto that some juveniles had been "pool hopping" and pointed to appellant's house as being the house where the culpable juveniles lived. Officer DeCunto and two other officers walked up to the house and could see through the windows five or six juveniles jumping up and running toward the back door. One officer stayed at the front of the house while Officer DeCunto went to the right side of the home and another officer went to the left in an attempt to reach the back of the house and keep everyone from going out the back door. While Officer Hotchkoss was running to the back on the left side, he looked through a window and saw one of the juveniles carrying a marijuana plant. He then heard someone say, "hide it, get rid of it." Because Officer DeCunto feared that the plant would be destroyed, he walked into the house and confiscated the plant.
DeCunto admitted that he did not have a warrant with him at the time he was investigating the complaint of pool hopping. He also admitted that the plant was observed through a kitchen window from the rear of the house while the officer stood in the yard. It was also noted that no one in the house ran out the back door. Appellant was never charged with trespassing but was charged with the manufacture of marijuana.
On appeal, appellant's main argument focuses on the fact that the police officers had no legal right to be in the side yard when they observed the marijuana plant and, thus, the seizure of the marijuana could not be sustained under the plain view doctrine.
According to case law there are three requirements to be met under the plain view doctrine: 1) the police must observe the evidence from plain sight without the benefit of a search; 2) the police must have a legal right to be where they are when they make the plain sight observation; and 3) the police must have cause to believe the evidence seen is contraband. See State v. Wright, 402 So.2d 579 (Fla. 4th DCA 1981). Thus, in this case the only issue for our consideration is whether pursuant to a neighborhood trespassing complaint, officers, without a warrant, may lawfully enter the side yard of appellant's home in an effort to question suspected misdemeanants when the officers believe, after observing the suspects inside the home, that they are eluding the officers.
The protection afforded "houses" in the fourth amendment to the U.S. Constitution and the Declaration of Rights of the Florida Constitution also includes the curtilage, i.e., the ground and buildings immediately surrounding a dwelling and customarily used in connection with it. Huffer v. State, 344 So.2d 1332 (Fla. 2d DCA 1977). Since Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the courts have examined whether there was a "reasonable expectation of privacy" by the individual. Olivera v. State, 315 So.2d 487 (Fla. 2d DCA 1975).
In Morsman v. State, 360 So.2d 137 (Fla. 2d DCA 1978), cert. discharged, 394 So.2d 408 (Fla. 1981), this court stated:
Typically, the yard adjacent to a residential dwelling, particularly the part of the backyard blocked from view from the front yard or street by the dwelling, is clothed with a reasonable expectation from unreasonable governmental intrusion. See, e.g., Fixel v. Wainwright, 492 F.2d 480 (5th Cir.1974); accord, Olivera v. State, 315 So.2d 487 (Fla. 2d DCA 1975).
The Florida Supreme Court in State v. Morsman, 394 So.2d 408 (Fla. 1981), recognized that officers investigating neighborhood complaints may investigate the charge by knocking on an individual's front *154 door because "under Florida law it is clear that one does not harbor an expectation of privacy on a front porch where a salesman or visitor may appear at any time." Id. at 409.
Once the police officers arrived at the front door pursuant to the neighborhood complaint and observed the juveniles jumping up and running toward the back door, giving rise to the inference that the juveniles were eluding the officers and perhaps adding credence to the complaint, they were authorized, pursuant to section 901.151(2), Florida Statutes (1983),[1] to pursue the appellant in an attempt to temporarily detain her because the circumstances reasonably indicated that the juveniles were involved in criminal activity. See State v. Bowen, 444 So.2d 1009 (Fla. 1st DCA 1984).
Moreover, in State v. Duda, 437 So.2d 794 (Fla. 2d DCA 1983), we held that police officers who responded to a neighborhood disturbance complaint were justified in entering the backyard of the residence where the disturbance appeared to be occurring rather than knocking at the front door. The reasoning behind our holding was that exigent circumstances existed because of the officers' belief that a potential emergency situation existed.
We extend our holding in Duda to include the factual circumstances presented by the present case. Here, the officers responded to a neighborhood complaint and upon arriving at the front door of appellant's home observed the juveniles running toward the rear of the home in an apparent attempt to flee. Had the officers simply remained at appellant's front door, she and the other juveniles would have vacated the premises, leaving the officers with no alternative than to simply abandon the investigation of the neighborhood complaint. Believing this situation required immediate action, the officers proceeded around the property to question the juveniles. Since the officers acted under the exigent circumstances, their presence in the side yard was justified.
Therefore, under the authority of section 901.151(2), Florida Statutes (1983), and our finding of exigent circumstances, we find that the officers were lawfully in the side yard of appellant's home. Being lawfully in the side yard of appellant's home, the officers' observation and subsequent seizure of the marijuana plant in plain view was proper. See Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980).
Accordingly, we affirm.
RYDER, C.J., and OTT and CAMPBELL, JJ., concur.
NOTES
[1] Section 901.151(2), Florida Statutes (1983), reads in full:

(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.