736 So.2d 788 (1999)
Bessie Mae GLASS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00876.
District Court of Appeal of Florida, Second District.
July 9, 1999.
James Marion Moorman, Public Defender and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court's denial of her motion to suppress the marijuana plants found growing in her back yard. After officers discovered the plants, Appellant was charged with manufacture of cannabis, *789 which was later reduced to possession of drug paraphernalia. We conclude that the marijuana plants should have been suppressed because Appellant had a reasonable expectation of privacy in her back yard, which was not visible to the public, and the officers had no legal reason to enter her back yard and thereby seize contraband in plain view. Accordingly, we reverse and remand for further proceedings.
At the suppression hearing, Deputy Kirkland testified that he received an anonymous tip that there was a marijuana plant growing in the back yard of a certain address. He and Detective Fluman proceeded to that location, driving separate vehicles. Kirkland testified that when they arrived and parked their vehicles in front of the residence, he believed that Detective Fluman first knocked on the front door, but he was not sure. Seeing three people in the back yard, the officers walked to the side yard and then into the back yard to make contact. The three people, Godfried, Burteel and Appellant, were seated in lawn chairs beneath a mulberry tree that was twenty yards directly behind and slightly to the side of the house.
As the officers approached the group and began to announce that they were from the tactical drug unit, Godfried, who had walked a little way from the group to meet the officers said, "Y'all are here for the pot plants." Godfried then pointed to the marijuana plants, which were in pots in plain view beneath the same mulberry tree where the people were sitting. As the officers were seizing the two plants, the three individuals began arguing about whose plants they were and who put them there, and Appellant blurted out, "I planted those pot plants." The officers then arrested Appellant.
At the hearing on Appellant's motion to suppress, Appellant's counsel argued that she had a reasonable expectation of privacy in her back yard and that the officers had no legal right to be there. We agree that the officers had no right to enter Appellant's back yard uninvited for the purpose of investigating the anonymous tip of a crime. While a resident does not have a reasonable expectation of privacy in the front door or front porch area of his or her residence because salesmen or visitors frequently appear there, a resident does have a reasonable expectation of privacy in his or her back yard because it is more private, and passers-by generally cannot see into the back yard. See State v. Morsman, 394 So.2d 408 (Fla.1981). In this case, the officers stated that they could not see the pot plants from the street. They did not see the plants until they were in the back yard and Godfried pointed them out.
Moreover, the officers did not have a sufficient legal reason to enter the back yard uninvited. They only entered the back yard because they saw people back there. Yet, there was no exigent circumstance that would warrant the entry without either consent or a warrant. Since the back yard of a residence has been determined to be within that zone of privacy as to which a citizen may reasonably expect privacy, just as with a residence, officers may not enter without a warrant or a reason that the warrant requirement does not apply. See Morsman. There being no warrant or exigent circumstance here, we must conclude that the officers' entry into the back yard and seizure of the marijuana plants in plain view was illegal.
The court's order denying Appellant's motion to suppress is, therefore, reversed, with instructions for further proceedings.
GREEN and SALCINES, JJ., Concur.