THOMPSON, C.J.
Appellant, Jerry Coleman, appeals the summary denial of his motion for postcon-viction relief. We affirm the trial court’s order on all but two grounds.
Appellant was convicted of one count of lewd and lascivious assault on his niece. He alleges that his trial counsel was ineffective for failing to present testimony that prior to the alleged incident, the victim’s mother, who testified that she had witnessed the alleged assault, had threatened that she would see that appellant went to prison. The state argues that the testimony would have been inadmissible, relying on Cook v. State, 736 So.2d 789 (Fla. 5th DCA 1999), where similar evidence was held to be irrelevant where the defendant failed to show that the victim was influenced by the person making the threat. However, in this case, appellant has alleged that the victim initially denied that appellant had done anything wrong and only changed her story after speaking privately with her mother and the attachments do not conclusively refute this claim. The state alternatively argues that such evidence would merely have been cumulative, as there was testimony presented that the victim’s mother disliked appellant. However, there is a difference between evidence of general animus and a specific threat which relates to the witness’ motive for testifying.
Appellant also alleges that trial counsel was ineffective for failing to present testimony showing an alternative cause for the victim’s injuries. Although the trial court found that the expert testimony presented at trial established that the injuries could not have been caused as appellant suggests, a careful reading of the attachments indicates that the expert testified that it was highly improbable, but not impossible. In addition, appellant alleges that the prosecutor pointed out in closing arguments that no evidence was presented to support any other cause for the victim’s injuries but appellant alleges that such evidence was available and could have been presented by counsel.
When a motion for postconviction is denied without an evidentiary hearing, the allegations of the motion must be accepted as true unless conclusively refuted by the attachments or legally insufficient. See Arbelaez v. State, 775 So.2d 909 (Fla.2000); Occhicone v. State, 768 So.2d 1037 (Fla.2000). We find that these two claims of ineffective assistance of counsel are legally sufficient and are not conclusively refuted by the attachments. Therefore, we reverse the trial court’s order as to these two grounds and remand for an evidentia-ry hearing or the attachment of other portions of the record which conclusively refute appellant’s claims. The trial court’s order is affirmed on all other grounds.
AFFIRMED IN PART and REVERSED IN PART.
PETERSON and ORFINGER, R.B., JJ., concur.