WHATLEY, Judge.
 

 The State of Florida appeals an order granting Gary Fontane Evans’ motion to suppress evidence found in his vehicle after a valid traffic stop. We reverse because Evans gave police consent to search the vehicle.
 

 Evans was charged with possession of cocaine and resisting an officer without violence. He filed a motion to suppress arguing that police did not have probable cause to search his vehicle and that his consent to search was not voluntary. At the hearing on the motion to suppress, Officer Edward Quinn testified that he stopped Evans for failing to stop at a stop sign. Evans did not have a license and explained that he was moving the car for his girlfriend. When Officer Quinn checked Evans’ name on his computer, it revealed that Evans’ license had been suspended. Officer Quinn gave Evans a verbal warning for driving with a suspended license and told him that he could not drive the car, that he would have to get someone with a license to move it, and that he was free to leave. However, as Evans was leaving, Officer Quinn asked Evans if there were any narcotics or weapons in the vehicle and Evans said there was not. Officer Quinn then asked Evans if he would have any problem if he looked in the vehi
 
 *769
 
 cle for narcotics or weapons, and Evans said no, he did not mind, and there was nothing in the car. After opening the driver’s door, Officer Quinn observed cocaine in the driver’s door handle. Evans did not present any evidence at the suppression hearing.
 

 Courts must examine the totality of the circumstances when determining if an individual’s consent to search was voluntary or coerced.
 
 Luna-Martinez v. State,
 
 984 So.2d 592, 597 (Fla. 2d DCA 2008). “Where the police have not engaged in illegal conduct, the State bears the burden of showing the voluntariness of a consent to search by a preponderance of the evidence.”
 
 Id.
 
 at 598.
 

 Some of the factors to consider in determining whether consent is voluntary or coerced include whether the person is under arrest or otherwise detained, the age, education, intelligence, or mental condition of the person giving consent which would evidence a vulnerable state, coercive circumstances, and conduct by law enforcement such as a show of force, other threatening conduct, a prolonged detention, or verbal threats.
 
 I.R.C. v. State,
 
 968 So.2d 583, 586-87 (Fla. 2d DCA 2007). Here, Officer Quinn made a straightforward request to search the vehicle and Evans gave his consent to search. Evans was not in custody and had been told that he was free to leave. Further, there was no evidence that Evans’ background would make him vulnerable to believing he did not have the right to refuse consent, and there was no evidence of coercion by law enforcement. Based on the totality of circumstances, we conclude that Evans’ consent to search the car was voluntary and that the motion to suppress should have been denied.
 

 Accordingly, we reverse the order granting Evans’ motion to suppress and remand this case for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 KHOUZAM, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.