CLARK, J.,
dissenting.
Respectfully, I dissent and would reverse the final disposition order and conclude that the officer was not lawfully performing a legal duty when the appellant *995 pulled his arm away from the officer’s grasp. The appellant’s refusal to be taken from the scene and be fingerprinted, in the absence of the lawful performance of an official duty, does not constitute the offense of resisting an officer in the “lawful execution of any legal duty,” as proscribed by section 843.02, Florida Statutes. See e.g. D.T. v. State, 87 So.3d 1235 (Fla. 4th DCA 2012). The trial court therefore should have granted the appellant’s motion to dismiss.
The majority disregards the unlawful police conduct in this ease by applying the attenuation doctrine delineated in State v. Frierson, 926 So.2d 1139 (Fla.2006). Fri-erson established that a primary taint of unlawful police activity may become so attenuated by intervening circumstances as to avoid the application of the exclusionary rule. However, Frierson was addressing a claim that evidence should be suppressed as the product of an illegal search, and did not address the issue presented here. The present case does not involve the admissibility of evidence, or any issue with regard to the exclusionary rule. It is therefore doubtful that the Frierson doctrine is applicable.
Even if Frierson is considered here, the circumstances of the present case do not bring it within the attenuation doctrine as described in Frierson, where a police officer uncovered evidence while executing an outstanding arrest warrant unrelated to the officer’s improper stop of the defendant. Here the detention of the appellant for police investigation resulted in large part from information obtained as a result of the officers’ unlawful presence behind the house.[2]
Even if the stop was valid, the ultimate question in this case is whether the police officer was acting lawfully when he grabbed the appellant to take the appellant to be fingerprinted. The majority applies Frierson to attenuate any taint which preceded the stop outside the house, but the officer’s further action in grabbing the appellant’s arm to take him away from the scene to have him fingerprinted was itself unlawful police conduct. The United States Supreme Court clearly established in Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), that detention for the purpose of fingerprinting is itself subject to the constitutional protection against unreasonable searches and seizures. See also Hayes v. Florida, 470 U.S. 811, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985). In Davis the Court explained that the brief investigatory detention which might be allowed under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), does not permit the police to remove an individual from the scene and compel him to be fingerprinted, without probable cause or judicial authorization. The Court reiterated that ruling in Hayes, while emphasizing that the constitutional “line is crossed when the police, without probable cause or a warrant, forcibly remove a person from his home or other place in which he is entitled to be and transport him to the police station, where he is detained, although briefly, for investigative purposes.” Hayes, 470 U.S. at 816, 105 S.Ct. 1643. As in Davis and Hayes, the officer’s attempt to remove the appellant from the scene in this case to take him to be fingerprinted against his will in order to identify him, without probable cause or judicial authorization, exceeded the bounds of a proper investigative stop.
Because the officer was not acting lawfully, the appellant’s response in pulling *996 his arm away from the officer s grasp was not resisting arrest under section 843.02, and the court should have granted the appellant’s motion to dismiss.

. The officer's approach to the front door was constitutionally permissible, but going to the rear of the house was an unlawful incursion into a constitutionally-protected area. See e.g. Glass v. State, 736 So.2d 788 (Fla. 2d DCA 1999).